UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,                          Case No: 23-cr-00040

-vs-                                     Hon. Jane M. Beckering

BRIAN DENNIS PIERCE,

     Defendant.

---

**<u>DEFENDANT BRIAN PIERCE'S SENTENCING MEMORANDUM</u>**

**NOW COMES** the Defendant, BRIAN DENNIS PIERCE ("Mr. Pierce"), by and through his attorney, BEN M. GONEK, and for his Sentencing Memorandum states the following:

## I.   INTRODUCTION

Mr. Pierce was a lobbyist who owned and operated Philip Alan Brown Consulting LLC ("PABC") and Michigan Growers Consultants LLC ("MGC"). Mr. Pierce was responsible for $42,000.00 in bribe payments to Rick Johnson ("Mr. Johnson"). A three-count Felony Information with forfeiture allegation was filed on April 6, 2023, under Docket Number 23-cr-00040, in which Mr. Pierce was named as the third defendant. Mr. Pierce was charged in Count Three: Conspiracy to Commit Bribery in violation of 18 U.S.C. §§ 371 and 666(a)(2). According to the

Indictment, Count Three occurred from on or about June 8, 2017, and continued through on or about February 13, 2019.

Since being contacted by law enforcement over a year ago, Mr. Pierce has cooperated with the Government. Mr. Pierce agreed to plead guilty prior to being charged. On May 12, 2023, Mr. Pierce accepted responsibility and pled guilty to Count Three of the Felony Information pursuant to a written plea agreement. On May 30, 2023, acceptance of the plea agreement was continued under advisement until sentencing, which is scheduled for October 18, 2023.

For the reasons set forth below, Mr. Pierce is respectfully requesting the Court to impose a sentence consisting of a year and a day in the Federal Bureau of Prisons with a recommendation for the Residential Drug Abuse Program. ("RDAP").

## II.    LEGAL STANDARD

Under *United States v. Booker*, 543 U.S. 220 (2005), this Court shall consider several factors in determining a defendant's sentence. After scoring the guideline range, and "after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2008). As explained in *Kimbrough v. United States*, 552 U.S. 85, 101 (2007), 18 U.S.C. § 3553(a) contains an

overarching instruction to impose a sentence sufficient, but not greater than necessary to accomplish the sentencing goals set forth in § 3353(a)(2).

1. **Nature and circumstances of the offense and the history and characteristics of the defendant.**

    a. **Nature and circumstances of the offense.**

Mr. Pierce's Revised Presentence Investigation Report ("PSIR") accurately reflects the nature and circumstances of the conspiracy as well as Mr. Pierce's involvement in same.[1] Mr. Pierce acknowledges that his involvement was driven by greed and his lifestyle which included substance abuse.   Mr. Pierce was also in a very dark place at the time he became of member of PABC due to the recent loss of his 4-month-old daughter which certainly affected his judgment as well.

    b. **History and characteristics of Brian Pierce.**

***Personal History and Family Support***

Mr. Pierce and his sister, Melissa Skowronski, were raised by their parents in Berrien Springs, Michigan. Growing up, Mr. Pierce and his sister were subjected to verbal, physical, and psychological abuse from their father. Mr. Pierce's parents divorced during his freshman year of high school. After the divorce, Mr. Pierce and his sister primarily lived with their mother, and he had to step up and help his mother with their family home and farm.

---

[1] See PSIR, ECF No. 82, PageID.746.

3

Mr. Pierce moved with his mother and sister to Cadillac during his senior year of high school. He graduated from Cadillac High School in 1996 and earned a bachelor's degree in political science from Grand Valley State University in 2000.

Mr. Pierce's mother is an oncology nurse and resides in Decatur, Michigan. Mr. Pierce has a wonderful relationship with his mother consisting of daily contact. Mr. Pierce describes his mother as loving, caring, and amazing. Mr. Pierce's father is a process server and resides in Cadillac, Michigan. Mr. Pierce had a friendly relationship with his father up until about 10 years ago when his father held his mother at gunpoint and falsely accused him of assaulting a family member. Mr. Pierce no longer has any contact with his father.

Mr. Pierce's mother married another man when Mr. Pierce was 18 years old. His stepfather was a father figure to him, and they had an incredible relationship. His stepfather passed away in 2018 from a sudden heart attack. Mr. Pierce's sister is a registered nurse and resides with her husband in Lawrence, Michigan. Mr. Pierce has a very close relationship with his sister, consisting of regular contact.  In fact, his sister has been present at a prior court proceeding and will be present at the sentencing proceeding.

Mr. Pierce has been married and divorced on three occasions. He was married to his first wife from 2004 until 2006 and their union resulted in one son – Logan. He was married to his second wife from 2007 until 2011 and their union resulted in

two sons – Broderick and Maxwell. He was married to his third wife from 2017 until 2022 and their union resulted in two daughters – Josephine and Vivian; however, Josephine passed away from Noonan Syndrome when she was only four months old. After 109 days of hospitalizations and surgeries, she passed away in his arms.

Mr. Pierce has been in a relationship with Nicole Faber since 2018. Ms. Faber has remained supportive of Mr. Pierce during the pendency of the instant federal offense while recognizing that a sentence of imprisonment is imminent.

Mr. Pierce has a complicated relationship with his children due to strained relationships with his ex-wives. Mr. Pierce had daily contact with his sons, Logan, Broderick, and Maxwell, until his parental rights were suspended in March 2023 due to the instant case. He has regular and frequent contact with his daughter, Vivian. He has enjoyed coaching his children's athletic teams and taking them hunting and fishing[2].

Mr. Pierce currently resides alone in Midland, Michigan and Vivian stays with him frequently.  He enjoys spending his free time hunting, fishing, and being outside. Mr. Pierce's greatest accomplishments have been his children and his work towards passing marijuana legislation.

***Employment History***

---

[2] Mr. Pierce understands that after being charged with the instant case that he will never be able to own/possess a firearm again.

Mr. Pierce has been involved in politics and lobbying since 2002. Prior to starting his consulting business in 2008, Mr. Pierce was employed at a consulting firm, a fundraising firm, and the Kent County Republican Party. Mr. Pierce was employed as a legislative director at the Michigan House of Representatives in Lansing, from 2013 until 2015.

From 2008 until May 2023, Mr. Pierce was a member of PABC in which he was a lobbyist and consultant for political campaigns and the marijuana industry. The business is no longer active.

Since May 2023 Mr. Pierce has been employed at the Michigan Institute of Forensic Science and Medicine in Saginaw, Michigan. Mr. Pierce's responsibilities include securing government contracts related to business development and funeral homes. For the past two years, Mr. Pierce has worked at Michigan Health Clinics establishing a nonprofit venture focused on public health and ensuring that underserved communities in Michigan have access to quality healthcare services. Mr. Pierce's direct supervisor is the CEO, Dr. David Stockman.

### *Mental Health and Substance Abuse History*

Mr. Pierce was diagnosed with generalized anxiety and Trichotillomania, which is a stress-related condition. Mr. Pierce was previously prescribed a sleep aid, Lexapro, and Buspar.

Mr. Pierce previously participated in Cognitive Behavior Therapy (CBT) with Dr. Linda Seifert from 2013 until 2017. He was originally referred to treatment through divorce court, but he voluntarily continued the treatment. Mr. Pierce engaged in bi-weekly individual counseling with a therapist, Chris Maribito, from 2018 until 2019 due to the COVID-19 pandemic.

Mr. Pierce has previous substance abuse issues, namely alcohol and marijuana, which negatively impacted his previous marriages. He was under the influence of marijuana every day during the commission of the instant federal offense. stress, anxiety, and pain were his triggers for relapse.

Mr. Pierce has been voluntarily participating in individual treatment at J&A Counseling in Midland since February 2023, which consists of bi-weekly individual sessions with a therapist. He has also been voluntarily participating in Alcoholics Anonymous nearly every day since May 28, 2023. Mr. Pierce is proud to be sober for the first time in 30 years.

## 2. The need for the sentence imposed.

Under this section, the Court should take into account: (1) the seriousness of the offense, to promote respect for the law, and to provide a just punishment for the offense; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with

needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(A)-(D).

Mr. Pierce committed a serious violation of federal law that undermines trust in the government. Mr. Pierce immediately cooperated with law enforcement and pled guilty because he knew he was in the wrong and wanted to accept responsibility for his actions. This conviction represents Mr. Pierce's first encounter with the criminal justice system. Defendants like Mr. Pierce who have no criminal history and do not demonstrate a risk to society are commonly afforded leniency from this Court. Mr. Pierce should be no different. Mr. Pierce has made great strides since the present offense to stay sober and be the best father he can be. Any sentence imposed should take Mr. Pierce's sobriety and children into consideration.

### 3. The kinds of sentences available.

The maximum sentence for Count Three is not more than five years in prison and/or up to a $250,000 fine.[3] The Court may impose a term of supervised release of not more than three years.[4]

---

[3] See Information Penalty Sheet, ECF No. 6.
[4] Id.

**4. The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.**

Mr. Pierce has no prior criminal convictions, giving him zero criminal history points and placing him in criminal history category I. The advisory guidelines range is 37 to 46 months in prison and a fine of $15,000 to $150,000.

The government filed a motion for a four-level downward departure under Guideline § 5K1.1 in recognition of Mr. Pierce's substantial assistance to law enforcement in the investigation and prosecution of another person who has committed an offense. If granted, the offense level becomes 17 and the advisory guidelines range becomes 24-30 months in prison and a fine of $10,000 to $95,000. The government recognized in their Sentencing Memorandum that if the Court varies downward an additional two levels to account for the proposed "zero-point" amendment to the Sentencing Guidelines as it did for codefendants Dalaly and Johnson, the guideline range would become 18-24 months and a prison fine range of $7,500 to $75,000. ECF No. 102, PageID.938.

The sentencing factors of 18 U.S.C. § 3553(a) require a sentence that is sufficient but not greater than necessary. This Court retains the discretion to consider Mr. Pierce's cooperation as a § 3553(a) mitigating factor. *United States v. Petrus*, 588 F.3d 347, 356 (6th Cir. 2009). Mr. Pierce met with the United States Attorney's Office several times to discuss his involvement, and that of others associated with

the conspiracy. This included information on individuals that have not been charged but were undeniably and deeply involved in the overall conspiracy. Mr. Pierce's cooperation also served as corroboration to statements from other defendants. The Court should take Mr. Pierce's substantial and material assistance into account and reduce his sentencing guidelines accordingly.

If the Court varies downward by the equivalent of two levels to account for the proposed "zero-point offender" amendment to the Sentence Guidelines pursuant to USSG § 4C1.1 (as it did for co-defendants John Dalaly and Mr. Johnson), the offense level would become 15 and the advisory guideline range would become 18-24 months in prison and a fine range of $7,500 to $75,000.

**5. Pertinent policy statements issued by the Sentencing Commission**

Mr. Pierce is not aware of any policy statements applicable to his guidelines, other than the need for a sentence consistent with the factors set forth in 18 U.S.C. § 3553(a).

**6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

Generally, Mr. Pierce is not aware of any disparities.

**7. The need to provide restitution to any victims of the offense.**

Restitution is not applicable in this case. 18 U.S.C. § 3663.

III.   **ADDITIONAL INFORMATION IN SUPPORT OF A SENTENCE CONSISTENT WITH THE FACTS OF THE CASE AND APPLICABLE GUIDELINES.**

The sentencing factors of 18 U.S.C. § 3553(a) require a sentence that is sufficient but not greater than necessary. This includes considering the totality of the circumstances related to an individual defendant.

1. **Support behind Brian Pierce.**

Below are excerpts from people who support Mr. Pierce which comment on his character, growth, and capabilities.[5]

- Joshua M. – "…I'm currently Brian's sponsor in the Alcoholics Anonymous 12 step Program… Over the course of the last few months Brian has really grown leaps and bounds. He is following the daily suggestions, such as praying, making a gratitude list, reading the book, attending meetings and having service positions at the groups he attends… If he continues to work the program, I have no doubt that he will become a productive member of society and be able to help others… In my opinion, Brian today is a different person, he is trustworthy, reliable, and humble."

- Melanie Pesta – "In 2015, I gave birth to our first daughter who, unbeknownst to us, was very sick. After 109 days of hospitalizations

---

[5] See Exhibit 1 – Letters of Support.

and surgeries, she passed away in Brian's arms… Within three months of our daughter's passing, Brian got involved with Rick Johnson's ploy to be in cannabis. I believe Brian was trying to distract himself and our family from facing the loss of our daughter and he is very remorseful for his actions during that time period… Our nearly 7-year-old daughter, (born after the death of her sister) benefits greatly from his presence. He takes her to school every morning and picks her up as well. They have a homework routine and our daughter adores her dad. His being gone for any amount of time will greatly affect her."

- Melissa Skowronski – "The key point is the value that Brian places on family… Brian grew up quickly to help my mom with our house and small farm… Following my grandparents passing, Brian made it a point to keep our entire family together. He takes the time to schedule activities with our aunts, cousins, and uncles. We no longer live in the same area and go to the same church, so this has always been extremely important to Brian."

- Dr. David Stockman (CEO of Mr. Pierce's Employer) – "His peers and superiors hold him in high regard for his dedication and trustworthiness. Beyond his day-to-day role, Brian has taken the initiative to establish a nonprofit arm focused on public health in

Michigan. This venture aims to uplift underserved communities and ensure they have access to quality healthcare services… Losing his active involvement would significantly impact the success of the nonprofit and, by extension, the communities it serves."

- Olivia van der Leij, MA LLPC (Mr. Pierce's therapist) – "I have been meeting with Brian Pierce every other week to support his mental health for a little over six months... He has demonstrated a shift in perspective and is making great strides in his recovery… He is on a very positive path, and it is my expectation that he will use his new point of view and coping skills to remain on it."

## 2. Motivation for committing the offense.

The death of his daughter, Josephine, along with his rocky marriages and use of alcohol and marijuana to self-medicate sent Mr. Pierce into a downward spiral. He was in a dark place in life during the commission of the instant federal offense. Nevertheless, a big motivating factor for Mr. Pierce's involvement in the instant offense was in fact greed.

## IV.   CONCLUSION

**WHEREFORE**, Defendant, Brian Pierce, respectfully requests that this Honorable Court impose a sentence of one year and a day which would be  consistent

with the sentencing guidelines, Mr. Pierce's cooperation with the government, and his acceptance of responsibility.  Mr. Pierce also respectfully requests that this Court recommend RDAP as a term of the sentence.  Finally, Mr. Pierce would respectfully request to voluntarily surrender to the prison he is designated to report.

Respectfully submitted,

/s/ Ben M. Gonek
BEN M. GONEK (P43716)
GONEK & BELCHER LAW, P.C.
Attorney for Defendant
14290 Northline Road
Southgate, MI 48195
(313) 963-3377
(313) 924-1284 (fax)
ben@gonekbelcherlaw.com

Dated: October 9, 2023

## CERTIFICATE OF SERVICE

Ben M. Gonek hereby states that on the 9th day of October 2023, he caused the forgoing *Defendant Brian Pierce's Sentencing Memorandum* to be filed electronically with the United States District Court and that copies were forwarded to all counsel of record through the ECF System.

/s/ Ben M. Gonek
BEN M. GONEK (P43716)