UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRIAN DENNIS PIERCE,

    Defendant.

_____/

Case No. 1:23-cr-40-3

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Early Termination of Supervised Release (ECF No. 199).  After conferring with U.S. Probation, the government filed a response opposing the instant motion (ECF No. 202).  For the following reasons, the Court concludes that Defendant's motion is properly denied.

Defendant pleaded guilty to Count Three of the Felony Information charging him with conspiracy to commit bribery in violation of 18 U.S.C. §§ 371 and 666(a)(2).  On October 18, 2023, he was sentenced to 24 months' imprisonment, to be followed by a two-year term of supervised release (Judgment, ECF No. 132).  Defendant served his term of imprisonment and began his term of supervised release on February 6, 2025, with an expected termination date of supervised release in February 2027 (ECF No. 202 at PageID.2461).

The Court may terminate a term of supervised release and discharge a defendant "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1); *United States v. Johnson*, 529 U.S. 53, 60 (2000).  Applicable authority and 18

U.S.C. § 3583(e)(1) direct the Court to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" in conducting this analysis. *See Johnson*, 529 U.S. at 60. The relevant § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> …
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (4) the kinds of sentence and the sentencing range established for—
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines …;
> (5) any pertinent policy statement …;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Sixth Circuit emphasized that "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025) (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). The Sixth Circuit explained that "[t]he conjunction 'and' used in the statute clearly indicates that a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *Id.* (cleaned up). "[D]istrict courts will 'generally' find early termination proper only when exceptionally good conduct or other changed circumstances are present," although the statutory text does not make "exceptionally good" conduct "an absolute prerequisite to relief." *Id.* at 641. Last, the Court notes a district court's duty to explain its sentencing decisions extends to requests for early termination

of supervised release.  *See Emmett*, 749 F.3d at 820 (cited favorably for this proposition in *United States v. Zai*, No. 22-3371, 2022 WL 17832201, at *5 (6th Cir. Dec. 21, 2022)).

In support of his motion, Defendant indicates that he has completed more than a year of supervised release and been in compliance with the terms of his supervised release. (ECF No. 199 at PageID.2454-2455).  He also states that he obtained full-time employment within three weeks of his release from imprisonment, which has been continuous and stable (*id*. at PageID.2455).  In addition, Defendant claims that he has been making monthly payments toward his criminal monetary penalties, and even voluntarily increased the amount of such payments (*id*.).  Finally, he notes that he attends multiple sobriety support meetings every week, which he argues reflects his commitment to recovery and to hold himself accountable (*id*.).  He also notes that the U.S. Probation Office transferred him to administrative supervision in October 2026, which he argues demonstrates that he no longer requires intensive oversight and has successfully integrated into the community (*id*. at PageID.2456)

Although the government agrees that Defendant has served more than one year of his two-year term of supervised release, and does not dispute Defendant's claims regarding his performance on supervised release, it argues that Defendant has failed to demonstrate any "exceptionally good conduct or other changed circumstances" that would warrant departing from the initial sentence imposed that requires Defendant to serve a two-year term of supervised release (ECF No. 202 at PageID.2464).  The government concedes that a number of the relevant factors weigh in Defendant's favor and that his Probation Officer does not oppose the request (*id*. at PageID.2465).  Even so, the government points to the seriousness and duration of Defendant's criminal conduct, his history of substance abuse from a young age, and the need for deterrence as

reasons Defendant should not be terminated from supervised release at this time (*id*. at PageID2645–2646).

The Court commends Defendant for maintaining full-time employment after his term of imprisonment, although Standard Condition Number 7 of the terms of his supervised release requires just that (see ECF No. 132, PageID.1312).  The Court also acknowledges Defendant's recent payments of $150 per month toward satisfaction of his outstanding criminal monetary penalties, although it notes that it had initially ordered Defendant to pay the entire balance within 60 days of sentencing based on his financial wherewithal at that time (ECF No. 82, at ¶¶ 190-194; ECF No. 134, at PageID.1321).  On September 25, 2025, the Court granted a petition to modify the timing of his payment, permitting him to pay $150 in "minimum monthly installments" (ECF No. 197, PageID.2402).  Finally, the Court commends Defendant for regularly attending sobriety support meetings, which will certainly assist him in continuing his successful reintegration into the community.

After carefully considering the record and the relevant § 3553(a) factors, the Court concludes that early termination of Defendant's term of supervised release is not warranted.  The nature and circumstances of the offense involved Defendant's participation in a conspiracy to bribe Rick Johnson, a self-described "corrupt politician" and the former chairperson of the Michigan Medical Marijuana Licensing Board (MMLB) (ECF No. 82, at ¶¶ 14, 16, 87).  Defendant covertly provided Johnson with cash, the services of a commercial sex worker, a European style hunt, and other benefits in exchange for Johnson's use of his influence over the MMLB to secure licenses for Defendant's clients, allowing Defendant to attract and profit from clients seeking preferential treatment  (see ECF No. 82, ¶¶ 25, 28, 29, 30, 38, 43, and 52).  This is the type of conduct that is not easily detected, and endangers public trust once discovered.  Defendant's history and

characteristics, as described in the Presentence Investigation Report, reveal a rather extensive history of personal and financial turbulence that can and did lead to conduct with legal consequences.  Other especially relevant factors in this case include the need to afford adequate deterrence to criminal conduct and the need to protect the public.  The Court simply does not find that termination of supervised release is warranted by either Defendant's conduct upon his release from prison or the interests of justice.  18 U.S.C. § 3583(e)(1).

Accordingly:

**IT IS HEREBY ORDERED** that the Motion for Early Termination of Supervised Release (ECF No. 199) is DENIED.


Dated: March 6, 2026                                              /s/ Jane M. Beckering
                                                                              JANE M. BECKERING
                                                                              United States District Judge